IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRUCE BENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-0491-CV-W-ODS |
| ) | |
| CONNECTICUT GENERAL LIFE ) | |
| INSURANCE CO., et al., ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION ENTERING SUMMARY JUDGMENT IN FAVOR OF
CONNECTICUT GENERAL LIFE INSURANCE COMPANY ON PLAINTIFF'S CLAIM
FOR STATUTORY PENALTIES

Plaintiff, a former employee of Sprint Corporation ("Sprint"), received disability insurance pursuant to both (1) a Basic Long-Term Disability Plan (the "Basic Plan") and (2) a Supplemental Long-Term Disability Plan (the "Supplemental Plan"). He has asserted two claims for recovery in this case: one for failure to pay benefits and one for failure to provide documents required by ERISA. Plaintiff settled all claims against Sprint, and Sprint was dismissed on September 6, 2006. Plaintiff and Connecticut General Life Insurance Company ("Defendant") settled the first claim but not the second. The Court requested supplemental filings with regard to the second claim; having reviewed them, the Court now enters judgment in favor of Defendant.

ERISA imposes a duty on the Plan "administrator" to supply certain documents upon request. 29 U.S.C. § 1132(c). The "administrator" is "the person so designated by the terms of the instrument under which the plan is operated." Id. § 1002(16)(A)(i). The insurer is not the Plan administrator solely by virtue of its status as the insurer and cannot be deemed the administrator by operation of law; the only way an insurance company may become the administrator is if it is specifically designated. Ross v. Railcar Am. Group Disability Income Plan, 285 F.3d 735, 743-44 (8th Cir.), cert. denied, 537 U.S. 885 (2002); VanderKlok v. Provident Life & Accident Ins. Co., 956 F.2d 610, 617-18 (6th Cir. 1992); see also Thorpe v. Retirement Plan of Pillsbury Co., 80 F.3d 439,

444 (10th Cir. 1996). If no party is designated the administrator, the Plan sponsor (i.e., the employer) is deemed to be the administrator. 29 U.S.C. § 1002(16)(A)(ii).

Plaintiff has identified one document that purports to identify Defendant as the Plan Administrator: a Summary Plan Description ("SPD") for the Basic Plan from 2000. The following language appears in a section captioned "Filing a Claim:"

> The following paragraphs explain how to file a claim for long-term disability benefits. The Basic Long-Term Disability Plan is administered by the following carrier:

Defendant was then identified, along with addresses (but no telephone numbers). The section continued by directing employees to obtain claim forms from Sprint's Employee Benefits Assistance Center. Nothing in the section (or anywhere else in this SPD) suggests Defendant is to provide information or documents to Sprint's employees.

This language does not establish Defendant was designated as the "Plan Administrator." The mere fact that a form of the word "administer" is used does not mean the object of that "administration" is the Plan as whole. Clearly, Defendant administered the claims process, but it was not the administrator of the Plan. The context reinforces this conclusion: mention of Defendant appears in a section discussing the processing of claims, which is not necessarily one of the functions of the Plan Administrator. Furthermore, there is no mention of the functions of the Plan Administrator in this section. In truth, this SPD does not identify the Plan Administrator at all, so there is no basis for concluding Defendant is the Plan Administrator.

Reinforcing this conclusion are the Plan documents for subsequent years for both the Basic and Supplemental Plans, which specifically identify Sprint as the source for Plan documents and which existed at the time Plaintiff actually directed his request for documents to Defendant. Plaintiff presents several arguments for not considering these documents. First, Plaintiff adopts Defendant's argument advanced with respect to the benefit decision and contends only the administrative record may be examined. The Court disagrees because the issue at hand is different from a review of the decision whether to award benefits. In the latter case, consideration of additional evidence is

2

disallowed to insure decisions are reviewed rapidly and to prevent the court from becoming a *de facto* claim administrator.  E.g., Brown v. Seitz Foods, Inc. Disability Benefit Plan, 140 F.3d 1198, 1200 (8th Cir. 1998).  These considerations do not apply when determining whether the insurer or employer has fulfilled other obligations imposed by ERISA.  Moreover, such a limitation would not necessarily make sense: the administrative record developed in the context of a claim is naturally expected to contain all information about the claim itself, but would not be naturally expected to contain all information establishing whether the insurer was designated as the Plan Administrator.  Plaintiff also contends these documents should not be relied upon because Defendant never provided these materials during discovery.  The facial appeal of such an argument loses something in this case, where the issue to decide is whether Defendant was the person legally required to provide the material in the first place.  If Defendant was not the Plan Administrator – and, hence, not the party responsible for providing documents to Sprint's employees – Defendant's failure to produce them during litigation is neither surprising nor improper, and cannot be probative of whether the obligation to produce them existed *ab initio*.[1]  Finally, whether or not the documents are considered, Plaintiff still cannot identify any document designating Defendant as the Plan Administrator.  Therefore, the outcome is the same whether one considers (1) the explicit designations contained in the documents before the Court or (2) only the silence on the subject appearing in the document provided by Plaintiff: Sprint is the Plan Administrator.[2]

     For these reasons, the Court concludes there are no disputed issues of material fact that would permit a finding Defendant was the Plan Administrator (as opposed to

---

[1] Plaintiff finds significance in Defendant's ability to produce the documents; the Court does not.  Whether Defendant had the documents does not establish whether Defendant had a statutory duty to produce them upon demand.

[2] It should be noted that, throughout this litigation, Sprint has conceded that it was the Plan Administrator.

3

Case 4:04-cv-00491-ODS   Document 161   Filed 11/03/06   Page 3 of 4

the administrator of the claims process) as defined in ERISA.  Judgment on this claim shall be entered in Defendant's favor.

IT IS SO ORDERED.

DATE: November 3, 2006

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT