IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRUCE BENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-0491-CV-W-ODS |
| ) | |
| CONNECTICUT GENERAL LIFE ) | |
| INSURANCE CO., et al., ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION GRANTING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY FEES

Plaintiff and Defendant Connecticut General Life Insurance Company ("Defendant" or "CGLIC") settled the substance of their dispute but reserved the issue of attorney fees for the Court to decide. Unlike many fee-shifting statutes, ERISA's does not allow for a presumption favoring a fee award for a successful plaintiff. Instead, the trial court is to consider a variety of factors, including (1) the degree of culpability or bad faith on the part of the losing party, (2) the ability of the losing party to pay a fee award, (3) whether an award of fees might have a deterrent effect, (4) whether the relief sought benefits all plan participants or just one (or a few), and (5) the relative merits of the parties' positions. Martin v. Arkansas Blue Cross & Blue Shield, 299 F.3d 966, 969-72 & n.4 (8th Cir. 2002) (en banc). However, these factors "are by no means exclusive or to be mechanically applied. . . . [A] mechanical application of the factors may serve to undermine both the substantive purpose of ERISA and the discretion vested in the courts to carry out that purpose. Instead, the district courts should use the[se] factors and other relevant considerations as general guidelines for determining when a fee is appropriate." Id. at 972 (quotations omitted).

Plaintiff contends all of the factors favor an award of fees; Defendant contends none of them (save ability to pay) does. The Court's opinion is closer to Plaintiff's.

This case has been marked by tremendous difficulty in obtaining information. Defendant attempts to place this responsibility on Plaintiff, going so far as to contend

Plaintiff's conduct caused the EAP meetings and other conferences with Judge Hays[1] to be "a waste of time."  The rules of the EAP prohibit the presiding judge from discovering underlying facts and settlement/litigation positions revealed during the conferences, and Judge Hays did not submit a report suggesting either party should be sanctioned for their conduct.  Nonetheless, the Court has had several occasions to comment on the lack of information available in this case.  In denying Defendant's Motion for a Protective Order, the Court observed "[t]here is uncertainty whether the contents of the administrative record are complete, apparent irregularities in the processing of Plaintiff's claims, and other matters that are simply not made clear in the record.  It is in everyone's interest to resolve these matters: the Court cannot be expected to determine the appropriate standard of review, much less review the plan administrator's decision, without this information."  Order dated February 4, 2005 (Doc. # 53) at 1.  In denying Defendant's Motion for Summary Judgment, the Court noted some of this information had not been produced and that some of the materials Defendant relied upon "were not in its administrative file (where one would suspect the information in question to have been found)."  Order dated May 22, 2006 (Doc. # 121) at 3-4.

This leads to consideration of the merits of the parties' positions.  In denying summary judgment, the Court observed Defendant's rationale for denying benefits was simply (1) Plaintiff could perform sedentary work, (2) Plaintiff's job was sedentary, therefore (3) Plaintiff could perform his job.  Given that Plaintiff was to be considered disabled if he could not perform his job – even if he could perform other jobs – this flawed logic served Defendant's purposes well.  "The fact that Plaintiff could perform sedentary work does not mean he could perform his job, even though it was sedentary."  Doc. # 121 at 4.  Further confounding Defendant's position was the fact that despite deeming the information important and making a request for the same, "CGLIC never obtained a description of Plaintiff's job duties.  Consequently, CGLIC lacked the ability

---

[1]The Honorable Sarah W. Hays, United States Magistrate Judge for this District. Judge Hays conducted the EAP meeting with the parties, and also conducted at least two other meetings with the parties designed to identify facts about the suit and explore settlement possibilities.

to decide whether Plaintiff could perform his job." Doc. # 121 at 4. The Court's discussion of the doctors' opinions also belies Defendant's claims that it acted reasonably by simply following the opinions of doctors; no doctor indicated Plaintiff could return to his prior work. Doc. # 121 at 5.

Defendant contends Plaintiff's litigation position, most notably his insistence on pursuing a claim for a statutory penalty that was ultimately denied, made an earlier settlement impossible. This does not alter the facts expressed, all of which arose before the suit and provided the basis for Plaintiff's claim. Defendant's argument really affects the amount of any attorney fee that should be awarded, not whether it should be awarded at all.

While Plaintiff's action does not directly benefit a large number of plan participants, an award will still serve as an incentive for Defendant to insure it receives and considers relevant (if not vital) information before deciding the merits of a claim. Finally, ERISA's remedial purpose counsels in favor of an award because it facilitates claimants' access to judicial relief. E.g., Starr v. Metro Sys., Inc., 461 F.3d 1036, 1041 (8th Cir. 2006). For these reasons, the Court will exercise its discretion and award Plaintiff a reasonable amount for attorney fees.

In determining the appropriate amount of fees, an appropriate starting place is the lodestar: that is, a reasonable number of hours multiplied by a reasonable fee. E.g., Brown v. Aventis Pharmaceuticals, Inc., 341 F.3d 822, 829 (8th Cir. 2003). It is appropriate, either as part of this calculation or as adjustment afterwards, to adjust the lodestar based on degree of success, time spent on other issues and parties, and other factors that bear on the reasonableness of the award. Geissal ex rel. Estate of Geissal v. Moore Medical Group, 338 F.3d 926, 935-36 (8th Cir. 2003), cert. denied, 540 U.S. 1181 (2004).

Defendant was not a party to the suit when it was originally filed; Defendant was not named a party until September 16, 2004. As intimated, Plaintiff asserted a claim for benefits and for a statutory penalty. Plaintiff's claims against the Sprint Defendants were dismissed on September 6, 2006 pursuant to the terms of a settlement agreement that was entered approximately one week earlier. On or about September 1, 2006, the

3

Court was advised the parties settled Plaintiff's claim for benefits against CGLIC, leaving only the claim for penalties and Plaintiff's claim for attorney fees. On November 3, 2006, the Court granted summary judgment to Defendant on Plaintiff's claim for statutory penalties.

Thus, the potentially compensable hours are those between September 16, 2004 (the date CGLIC became a party) and September 1, 2006 (the date Plaintiff resolved its claim for benefits), to which must be added the time spent attempting to recover attorney fees. The initial period of time results in the following expenditure of hours for the following individuals:

| | |
|---|---:|
| RN | 120.7 |
| LMS | 26.7 |
| CLS | 672.6 |
| ALH | 5.5 |
| NJC | 5.3 |

The Court must account for time spent on (1) claims against Sprint and (2) the claim for statutory penalties. The billing records permit the Court to subtract most of the time spent on these endeavors, which leaves the following amounts of billable time:

| | |
|---|---:|
| RN | 79.2 |
| LMS | 21.0 |
| CLS | 621.4 |
| ALH | 5.5 |
| NJC | 5.3 |

Finally, the Court must account for the fact that the viability of Plaintiff's claim for statutory penalties was briefed as part of Defendant's Motion for Summary Judgment because Plaintiff is not entitled to attorney fees associated with this (ultimately) unsuccessful endeavor. The billing records reflect one of Plaintiff's attorneys spent over 215 hours between February 23, 2006, and March 20, 2006, working on the response to the summary judgment motion. Included in this person's hours are seven consecutive days in which she worked 15.1, 20.3, 13.2, 13.0, 13.0, 28.0, and 28.0 hours per day on the response – which, is at least unhealthy and moreover, is not possible. The records also reflect attorneys spent time reviewing the document *after* it was filed. These

4

irregularities combine to undermine the Court's confidence in the overall accuracy of Plaintiff's fee request. Finally, there are a few entries that are insufficiently explained or for other reasons the Court believes are not compensable. Considering these factors, the Court has determined the reasonable amount of hours expended on this case. This figures, along with the hourly rates (which the Court also finds reasonable) are listed below:

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| RN | 40.6 | $135.00 | $ 5,481.00 |
| LMS | 18.2 | $150.00 | $ 2,730.00 |
| CLS | 340.0 | $135.00 | $45,900.00 |
| ALH | 3.0 | $ 35.00 | $    105.00 |
| NJC | 5.3 | $135.00 | $    715.50 |

The lodestar thus adjusted results in a fee award of $54,931.50.[2] In light of the results achieved, this sum represents a reasonable fee.

As a final matter, CGLIC insists the law requires fees recovered pursuant to counsel's contingent fee award be applied as a credit against any amount awarded by the Court. The case CGLIC relies upon is not as absolute as it contends. In *Young v. City of Little Rock*, the plaintiff settled with one defendant and proceeded to trial against the other. The trial resulted in a plaintiff's verdict. The district court awarded the plaintiff her attorney fees against the second defendant and, in so doing, credited the amount of fees to be paid by the amount paid to the plaintiff's attorney by the first/settling defendant. 249 F.3d 730, 733 (8th Cir. 2001). In affirming the district court's decision (which was based, in part, on the particulars of Arkansas law that have no role in this proceeding), the Eighth Circuit did *not* hold the district court was obligated to act in this manner and instead ruled the district court had not abused its discretion. "An award of fees is reviewed for abuse of discretion only. The trial court knows the case best. It knows what the lawyers have done, and how well they have done it. It knows what

---

[2] There is no need to further adjust the lodestar to reflect Plaintiff's degree of success because the Court has already adjusted the lodestar to remove the time spent on unsuccessful claims.

5

these efforts are worth. It knows how to balance portions of the case together to reach a just and reasonable award." Id. at 737.

The Court has accounted for and subtracted time spent on claims against the Sprint Defendants from the award. Having done so, the Court sees no reason to account for those efforts a second time and also credit the amount of fees received from the Sprint settlement against the award. The settlement with the Sprint Defendants contemplated a settlement of all claims between the parties, including attorney fees; CGLIC is not entitled to the benefit of that bargain – or at least, is not entitled to a benefit beyond being absolved of responsibility for the time spent on Plaintiff's claims against the Sprint Defendants.[3]

The Motion for Attorney Fees (Doc. # 163) is granted, and CGLIC is ordered to pay Plaintiff's attorney fees in the amount of $54,931.50. The remaining motions (Doc. # 170 and Doc. # 173) are moot.

IT IS SO ORDERED.

DATE: March 6, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Of course, in awarding fees, the Court does not intend for Plaintiff's counsel to *also* take fees from Plaintiff's settlement with CGLIC. This is a fee shifting statute, the purpose of which is to relieve a party of the burden of paying for legal representation. Counsel is prohibited from taking any payment from the amount CGLIC has agreed to pay Plaintiff.